UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, Jr.,

    Petitioner,                         Civil No. 2:10-CV-11603
                                        HONORABLE DENISE PAGE HOOD
v.                                         UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

## ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL

      Charles Quatrine, Jr. ,("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his convictions for installing an eavesdropping device, M.C.L.A. 750.539d; child sexually abusive activity, M.C.L.A. 750.145c(2); and one count of child sexually abusive materials, M.C.L.A. 750.145c(4).  On April 30, 2010, the Court granted petitioner's motion and held the petition in abeyance so that petitioner could return to the state court to file a post-conviction motion.  This Court also administratively closed the case.  Petitioner has now filed a motion for the appointment of counsel to assist him with his state post-conviction proceedings.

      The Court will deny the motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas

petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).

The Criminal Justice Act (CJA) authorizes a federal court to pay for attorneys who are assigned to represent indigents in habeas corpus actions. 18 U.S.C. § 3006A(a)(2)(B).  Subsection (c) of that statute further authorizes expenditures in "ancillary matters appropriate to the proceedings [for which representation is authorized]."  However, the overwhelming authority, both for capital and non-capital habeas cases, finds that a habeas petitioner is not entitled to the federal appointment of counsel in state habeas or post-conviction proceedings. *See House v. Bell,* 332 F.3d 997, 999 (6th Cir. 2003)*; King v. Moore*, 312 F.3d 1365 (11th Cir. 2002); *Sterling v. Scott*, 57 F.3d 451 (5th Cir. 1995); *In re Lindsey*, 875 F.2d 1502-1505-1507 (11th Cir. 1989); *Thompson v. Thomas*, No. 2008 WL 2096882 * 5 and footnote 7 (D.Haw. 2008); *Glassel v. Schriro*, No. 2007 WL 974107 (D.Ariz.2007); *Morris v. Malfi*, No. 2007 WL 1931857 (N.D.Cal. 2007); *Wainwright v. Norris*, 836 F.Supp. 619, 623 (E.D.Ark.1993); *McKinney v. Paskett*, 753 F.Supp. 861 (D.Idaho 1990).  "The rule is simple.  The two representations shall not mix.  The state will be responsible for state proceedings, and the federal government will be responsible for federal proceedings." *House,* 332 F. 3d at 999.

Moreover, a trial court in Michigan is authorized to appoint counsel for

petitioner in to assist him with his post-conviction proceedings. See M.C.R. 6.505; See also *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner should therefore direct his request for the appointment of post-conviction counsel to the Macomb County Circuit Court.

Accordingly, the Court **DENIES** the motion for appointment of counsel [Court Dkt. # 5] without prejudice.

                              s/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated:  April 27, 2011

I hereby certify that a copy of the foregoing document was served upon Charles Quatrine #605639, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 and  counsel of record on April 27, 2011, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager