UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, Jr.,

    Petitioner,

v.                                             CIVIL ACTION NO. 2:10-CV-11603
                                               HONORABLE DENISE PAGE HOOD
                                               UNITED STATES DISTRICT COURT

MARY BERGHUIS,

    Respondent.
_____/

### ORDER DENYING THE MOTIONS FOR APPPOINTMENT OF COUNSEL AND FOR RELEASE ON BAIL

Before the Court are habeas petitioner Charles Quatrine, Jr. 's motions for the appointment of counsel and for release on bail. For the reasons stated below, the motions are DENIED WITHOUT PREJUDICE.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice

1

without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a twenty nine page amended petition for writ of habeas corpus, in which he raises nine claims for relief. Petitioner has cited to numerous federal and state cases in his petition. Petitioner has also attached numerous exhibits to his petition. Petitioner has also filed the present motions for the appointment of counsel and for release on bail. Petitioner is able to present his claims to the court. If the Court later determines an evidentiary hearing is required, the Court will enter an order appointing counsel to represent Petitioner. The interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254,

Rules 6(a) and 8(c).

Petitioner has also filed a motion for release on bail. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). In light of the fact that petitioner failed at this time to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003).

Based upon the foregoing, the application for appointment of counsel [Dkt. # 12] and for release on bail [Dkt. # 17] are **DENIED WITHOUT PREJUDICE.**

                                      <u>S/Denise Page Hood</u>
                                      **United States District Judge**

**Dated: October 23, 2012**

I hereby certify that a copy of the foregoing document was served upon, Charles Quatrine #605639, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 and  counsel of record on October 23, 2012, by electronic and/or ordinary mail.

                                      **S/LaShawn R. Saulsberry**
                                      **Case Manager**