**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES QUATRINE, Jr.,

      Petitioner,               Civil No. 2:10-CV-11603
                                    HONORABLE DENISE PAGE HOOD
v.                              UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE THE MOTION TO ORDER RESPONDENT TO PRODUCE ADDITIONAL SPECIFIC MATERAL PURSUANT TO RULE 5 OF HABEAS CORPUS RULES

      Before the Court is habeas petitioner Charles Quatrine, Jr.'s motion to order respondent to produce additional specific materials that petitioner contends will support the claims that he has raised in his original and amended habeas petitions. For the reasons stated below, the motion is denied without prejudice.

      "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts

1

which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09.  A further limitation on discovery is the recent case of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1401 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.  The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).

Petitioner originally filed a petition for writ of habeas corpus in 2010.  On April 30, 2010, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance pending the completion of state post-conviction proceedings by petitioner.  On March 20, 2012, this Court granted petitioner's motion to reinstate the habeas petition to the active docket, granted his motion to amend the habeas petition, and ordered that the amended petition be served upon respondent.  On August 13, 2012, respondent filed an answer to the amended petition for writ of habeas corpus.

On August 16, 2012, petitioner filed a motion to amend the petition for writ of habeas corpus, in which he sought to amend his petition to add additional claims.  On January 9, 2013, this Court granted petitioner's motion to amend the habeas petition to add these additional claims and gave respondent time to file a

supplemental answer to address these claims.  Respondent filed their supplemental answer on March 6, 2013.

On July 10, 2013, the Court granted petitioner permission to file a second amended habeas petition and has ordered respondent to file a second supplemental answer.

This Court has yet to review petitioner's original or amended habeas petitions, nor has the Court reviewed respondent's original and supplemental answers.  Respondent also has yet to file her second supplemental answer.  Until this Court reviews the pleadings, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007).  In addition, none of the Rule 5 materials that have been filed have been reviewed by the Court and review "of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3.  Granting petitioner's discovery request at this time would be premature.  Therefore, the motion for discovery will be denied without prejudice. *Id.*

**IT IS HEREBY ORDERED** that motion to order respondent to provide additional specific materials [Dkt. # 35] is **DENIED WITHOUT PREJUDICE**.  The Court will reconsider petitioner's motion if, following review of the original and

3

amended habeas petitions, the responsive pleadings, and Rule 5 materials, the

Court determines that additional discovery is necessary.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4