**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES QUATRINE, Jr.,

      Petitioner,               Civil No. 2:10-CV-11603
                                        HONORABLE DENISE PAGE HOOD
v.                            UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

      Charles Quatrine, Jr. ,("Petitioner"), confined at the Brooks Correctional

Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas

corpus and two amended habeas petitions pursuant to 28 U.S.C. § 2254 with this

Court, challenging his convictions for installing an eavesdropping device,

M.C.L.A. 750.539d; child sexually abusive activity, M.C.L.A. 750.145c(2); and one

count of child sexually abusive materials, M.C.L.A. 750.145c(4).  Respondent has

filed an answer and two supplemental answers to the original and amended

petitions for writ of habeas corpus.  As part of her two supplemental answers,

respondent argues that petitioner's original and amended habeas petitions are

barred by the statute of limitations contained within 28 U.S.C. § 2244(d)(1).

Petitioner has filed replies to the supplemental answers.  For the reasons stated

1

below, the petition for writ of habeas corpus is SUMMARILY DENIED.  The Court

will also deny as moot petitioner's motion for immediate consideration and deny

the motion for bond.

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the

Macomb County Circuit Court.  Petitioner's conviction was affirmed on appeal,

although the case was remanded to the trial court for a determination of

petitioner's financial ability to reimburse the county for his court-appointed

attorney. *People v. Quatrine,* No. 272074, No. 2008 WL 941780 (Mich.Ct.App.

April 8, 2008).  On September 9, 2008, the Michigan Supreme Court denied

petitioner leave to appeal from the affirmance of his conviction by the Michigan

Court of Appeals. *People v. Quatrine,* 482 Mich. 975; 755 N.W. 2d 183 (2008).

Petitioner then filed a motion for reduction of attorney fees, which was

denied by the trial court. *People v. Quatrine,* Nos. 2005-1298-FH, 2005-1299-FH

(Macomb County Circuit Court, February 29, 2008).  Petitioner sought leave to

appeal from the denial of his motion for reduction of his attorney fees and costs,

which was denied. *People v. Quatrine,* No. 287572 (Mich.Ct.App. February 4,

2009); *lv. den.* 485 Mich. 925; 773 N.W. 2d 679 (2009); *reconsideration den.* 485

Mich. 1072; 777 N.W.2d 150 (2010).

2

On September 28, 2009, petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* [1]  On October 2, 2009, the trial court rejected petitioner's motion pursuant to M.C.R. 6.508(D)(1) on the ground that his appeal regarding the additional attorney fees was pending before the Michigan Supreme Court. *People v. Quatrine,* Nos. 2005-1298-FH, 2005-1299-FH (Macomb County Circuit Court, October 2, 2009).  Petitioner did not appeal the denial of this post-conviction motion to the Michigan appellate courts.

On November 19, 2009, petitioner refiled his motion for relief from judgment. [2]  The trial court denied the motion on December 30, 2009. *People v. Quatrine,* Nos. 2005-1298-FH, 2005-1299-FH (Macomb County Circuit Court, December 30, 2009).  On February 8, 2010, the trial court denied petitioner's motion for reconsideration. *People v. Quatrine,* Nos. 2005-1298-FH, 2005-1299-FH (Macomb County Circuit Court, February 8, 2010).  Petitioner never appealed the denial of this motion for relief from judgment to the Michigan appellate courts.

On April 14, 2010, petitioner filed a "motion seeking stay and abeyance to perfect state remedies," in which he asked to file a protective petition and then have the case held in abeyance so he could return to the state courts to exhaust

---

[1]  *See People v. Quatrine,* No. 2005-1299-FH (Macomb County Circuit Court, Dkt. ## 53-54)[This Court's Dkt. # 31-2].

[2]  *See People v. Quatrine,* No. 2005-1299-FH (Macomb County Circuit Court, Dkt. # 45)[This Court's Dkt. # 31-2].

3

additional claims. [3]

On April 30, 2010, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance pending the completion of state post-conviction proceedings by petitioner. The Court also administratively closed the case.

Petitioner returned to the state courts to file a second motion for relief from judgment. The trial court denied the motion as being an improperly filed successive motion for relief from judgment that was barred under M.C.R. 6.502(G). *People v. Quatrine,* Nos. 2005-1298-FH, 2005-1299-FH (Macomb County Circuit Court, July 15, 2010). The Michigan Court of Appeals denied petitioner leave to appeal pursuant to M.C.R. 6.502(G). *People v. Quatrine,* No. 301363 (Mich.Ct.App. January 19, 2011). The Michigan Supreme Court denied petitioner leave to appeal because the court was not persuaded that the questions presented should be reviewed by that court. *People v. Quatrine,* 490 Mich. 967; 806 N.W. 2d 517 (2011).

On March 20, 2012, this Court granted petitioner's motion to reinstate the habeas petition to the active docket, granted his motion to amend the habeas petition, and ordered that the amended petition be served upon respondent. On

---

[3]   Under the prison mailbox rule, this Court will assume that petitioner actually filed his original habeas petition on April 14, 2010, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

4

August 13, 2012, respondent filed an answer to the amended petition for writ of habeas corpus.

On August 16, 2012, petitioner filed a motion to amend the petition for writ of habeas corpus, in which he sought to amend his petition to add six additional claims that he raised in his post-conviction motion in the state courts but failed to include in his first amended petition for writ of habeas corpus that he filed with this Court.  On January 9, 2013, this Court granted petitioner's motion to amend the habeas petition to add these additional claims and gave respondent time to file a supplemental answer to address these claims.  Respondent file their supplemental answer on March 6, 2013.  As part of this first supplemental answer, respondent contends that petitioner's original and amended habeas petitions are time barred because both were filed outside of the one year time limit for filing habeas petitions that is contained in 28 U.S.C. § 2244(d)(1).

On August 15, 2013, this Court granted petitioner's motion to file a second amended habeas petition.  Respondent filed a supplemental answer to this second amended habeas petition on October 11, 2013.  In this second supplemental answer, respondent argued that the claim raised by petitioner in his second amended habeas petition is also time barred pursuant to the statute of limitations contained in 28 U.S.C. § 2244(d)(1).

## II.  Discussion

The original and amended petitions for writ of habeas corpus must be

dismissed because they were not been filed within the one year statute of

limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA). [4]

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one

year statute of limitations shall apply to an application for writ of habeas corpus

by a person in custody pursuant to a judgment of a state court.  The one year

statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period

"effectively bars relief absent a showing that the petition's untimeliness should be

---

[4]  Because petitioner's original habeas petition is untimely, any claims in his subsequently
amended habeas petitions would also be untimely even if they related back to the original claims. *See
Hodge v. U.S.,* No. 2011 WL 3565227, at 5 (M.D. Tenn. August 15, 2011); *Kenney v. Pancake,* No. 2007
WL 3274274, at 1 (E.D. Ky. November 5, 2007).

6

excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6ᵗʰ Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See e.g. Williams v. Wilson,* 149 Fed. Appx. 342 (6ᵗʰ Cir. 2005).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on September 9, 2008. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on December 9, 2008, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). Petitioner therefore had until December 9, 2009 to file a petition for writ of habeas corpus unless the statute of limitations was somehow tolled.

The Court is aware that on petitioner's appeal of right the Michigan Court of Appeals remanded the case to the trial court for a determination of petitioner's ability to reimburse the county for the cost of his court-appointed attorney. The trial judge subsequently denied petitioner's motion to suspend fees and costs. Petitioner appealed the trial court's denial of his request to the Michigan appellate courts. Neither the state trial court's order denying petitioner's motion to suspend his attorney fees or his appeal from the trial court's denial would delay the

7

commencement of the one year statute or limitations.  The Michigan Court of Appeals' order of remand did not order a re-sentencing or otherwise vacate petitioner's conviction, nor did the trial court judge issue a new judgment when denying petitioner's request to suspend the payment of attorney fees.  Instead, the remand order was limited to a technical error regarding the trial judge's failure to determine petitioner's financial ability to reimburse the court for the cost of his court-appointed attorney.  As such, these proceedings did not delay the commencement of the one year limitations period. *See Eberle v. Warden, Mansfield Correctional Inst.,* 532 Fed. Appx. 605, 610 (6th Cir. 2013)(Ohio appellate court decision vacating the part of trial court's sentencing entry that imposed postrelease control did not amount to a new sentence that restarted the statute of limitations for seeking federal habeas relief; change in petitioner's sentence, which was modified to remedy a technical error, did not pertain to his underlying conviction, nor did it relate to the basis of the plea bargain petitioner struck with the state, and, as a technical error, his sentence was not remanded to the trial court, no resentencing hearing was held, no new sentencing entry was filed, and no new judgment issued).

The Court is also aware that petitioner claims in his second amended habeas petition that he has newly discovered evidence in support of his illegal arrest and search and seizure claims.  Petitioner specifically claims that he discovered after the filing of his first amended habeas petition that he was

8

arrested prior to the issuance of a criminal complaint.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003).  The time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.*  In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at p. 772.  Newly discovered information "that merely supports or strengthens a claim that could have been properly stated

9

without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F. 3d 537, 547 (6th Cir. 2013)(quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

Petitioner acknowledges in his second amended petition that Detective Shutter testified at the preliminary examination that petitioner was arrested before the issuance of any warrants. [5]   The commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D) until petitioner's alleged discovery of the factual predicate for his Fourth Amendment claims, in light of the fact that petitioner was aware of the facts underlying his allegedly illegal arrest prior to trial. *See Whalen v. Randle,* 37 Fed. Appx. 113, 119 (6th Cir. 2002).

Petitioner's conviction therefore became final on December 9, 2008, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals.

Petitioner filed his first motion for relief from judgment with the state trial court on September 28, 2009, after two hundred and ninety three days had elapsed on the one year statute of limitations.  28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp.

---

[5]   *See* Second Amended Petition for Writ of Habeas Corpus, p. 5.

2d 833, 836 (E.D. Mich. 2001). The trial court denied the motion on October 2, 2009. Petitioner did not appeal the denial of this motion. Instead, some forty eight days later, petitioner re-filed his motion for relief from judgment, which was denied on December 29, 2009. The trial court denied the motion for reconsideration on February 8, 2010. Petitioner did not appeal the denial of this post-conviction motion either.

A post-conviction application is "pending" within the meaning of 28 U.S.C. § 2244(d) (2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002))(emphasis in original). Because petitioner never appealed the denial of either of these post-conviction motions, neither of them was pending in the state courts, for purposes of § 2244(d)(2), after the trial court denied each of the post-conviction motions. Although petitioner claims that he sought "clarification" from the Michigan Supreme Court as to whether he could file a motion for relief from judgment while his appeal on the attorney fees was pending before that court, he only filed that pleading with the Michigan Supreme Court as part of his motion for reconsideration following the denial of that appeal. Petitioner did not actually appeal the denial of his first motion for relief from judgment with either the Michigan Court of Appeals or the Michigan Supreme Court. The limitations

11

period was not tolled for the 48 day period between the denial of his first motion
for relief from judgment on October 2, 2009 and the re-filing of his motion for relief
from judgment on November 19, 2009.

Petitioner's pending appeal regarding the order for reimbursement of the
cost of his court-appointed attorney would not toll the limitations period pursuant
to 28 U.S.C. § 2244(d)(2), because it was not used to attack petitioner's
conviction. In *Wall v. Kholi*, 131 S. Ct. 1278, 1285 (2011), the Supreme Court
held that the term "collateral review," as used in § 2244 (d)(2), refers to a judicial
reexamination of a judgment or a claim in a proceeding outside of the direct
review process. In so ruling, the Supreme Court quoted with approval the First
Circuit's definition in the lower court decision in *Kholi* that "'review' commonly
denotes 'a looking over or examination with a view to amendment or
improvement.'" *Id.* (internal quotation omitted).

Petitioner's motion for suspension of the costs and fees to reimburse the
court for the cost of his court-appointed attorney would not toll the limitations
period because, by petitioner's own admission, it was not an attack on his
conviction. Where a habeas petitioner is not claiming the right to be released but
is challenging the imposition of a fine or other costs, he or she may not bring a
petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29
(6th Cir. 1995); *See also U.S. v. Mays,* 67 Fed. Appx. 868, 869 (6th Cir.
2003)(district court lacked subject matter jurisdiction over defendant's § 2255

12

post-judgment motion to reduce or rescind fine levied in criminal judgment; defendant was not in custody, as required in a motion to vacate sentence or a petition for a writ of habeas corpus).  Claims involving the allegedly improper assessment of court-appointed attorney's fees cannot be maintained in a habeas petition, because such claims do not challenge the prisoner's confinement. *See Frey v. Palmer,* No. 2:10–CV–10436; 2012 WL 1986324*, *10 (E.D. Mich. June 04, 2012); *Gray v. Perry,* No. 10–CV–13340;  2010 WL 3952848, * 2 (E.D. Mich. October 7, 2010); *Fisher v. Booker*, No. 03-10029-BC; 2006 WL 2420229, * 9 (E.D. Mich. August 22, 2006).  Accordingly, the limitations period was not tolled during the pendency of this appeal.

By the time that the trial judge denied petitioner's motion for reconsideration of the denial of his motion for relief from judgment on February 8, 2010, a total of three hundred and forty one days had elapsed under the statute of limitations.  Petitioner had only twenty four days remaining under the statute of limitations, which would have been no later than March 4, 2010, to file his habeas petition.  Because petitioner did not file his initial petition until April 14, 2010, both his initial and amended habeas petitions are untimely.

In his various replies, petitioner appears to argue that it was somehow improper for the respondent to raise the statute of limitations defense only in her supplemental answers, and not in the original answer.

13

Supreme Court precedent "establishes that a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition." *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012).  However, a district court "is not at liberty...to bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Id., See also Day v. McDonough,* 547 U.S. 198, 202 (2006).  As a general rule in civil litigation, "a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day,* 547 U.S. at 202 (citing Fed. Rules Civ. Proc. 8(c), 12(b), and 15(a)).

Where a federal court confronts no intelligent waiver on the  state's part of the limitations defense, but only a miscalculation of the elapsed time under the statute of limitations, a federal court has the discretion to correct the state's error and to dismiss the petition as untimely under the AEDPA's one-year limitations period. *Day,* 547 U.S. at 202.  An inadvertent error on the part of the respondent in failing to raise a limitations defense does not establish that the state "'strategically' withheld the defense or chose to relinquish it." *Id.,* at 211.  Giving federal courts the leeway to consider a forfeited timeliness defense in habeas cases is appropriate "because [the] AEDPA's statute of limitations, like the exhaustion doctrine, 'implicat[es] values beyond the concerns of the parties.'" *Wood,* 132 S. Ct. at 1833 (quoting Day, 547 U.S., at 205)(internal quotation omitted).

14

There is no showing that the respondent deliberately or intelligently waived the statute of limitations defense by failing to argue the defense in her original answer.  Mere inadvertence on the part of the respondent in failing to raise the statute of limitations defense at the first opportunity does not establish "bad faith" or undue prejudice to petitioner nor does it establish an intelligent or deliberate waiver of that defense. *See Sudberry v. Warden, Southern Ohio Correctional Facility,* 626 F. Supp. 2d 767, 782 (S.D. Ohio 2009).  It is permissible for a state to belatedly raise a statute of limitations defense in an amended answer to the petition for writ of habeas corpus. *See Long v. Wilson*, 393 F.3d 390, 399 (3rd Cir. 2004).  Although the respondent in this case did not assert in her original answer that petitioner's original habeas petition was untimely, this Court has the discretion under *Day* to consider the timeliness issue, in light of the fact that respondent did raise the statute of limitations defense in her supplemental answers. *See Sweet v. Secretary, Dept. of Corrections,* 467 F.3d 1311, 1320-22 (11th Cir. 2006)(although state had not claimed habeas petition was untimely in its initial response to show cause order, district court had discretion to address issue of timeliness as raised in State's subsequent motion for summary judgment).

Respondent chose to raise the statute of limitations defense in her supplemental answers.  Under Fed. R. Civ. P. 15(a) and 28 U.S.C. § 2243, respondent could have moved to amend her original answer to include a statute of limitations defense. *Day,* 547 U.S. at 209.  Because this Court could easily

15

consider respondent's limitations defense as a constructive amendment to the original answer, there is no difference between explicitly granting respondent the right to amend her original answer and simply entertaining the limitations defense that she raises in her supplemental answers. *Id., Sweet,* 467 F. 3d at 1321-22. Because there is nothing to suggest that the respondent intelligently or strategically waived the statute of limitations defense by failing to raise in it in her first answer, this Court has the discretion to consider the defense, particularly where petitioner has been given notice and a fair opportunity to present his position on the limitations issue. *Day,* 542 U.S. at 210.  After reviewing petitioner's numerous pleadings and the respondent's first answer, which addressed the merits of the claims raised in the first petition, and respondent's two supplemental answers, which also addressed in the alternative the merits of the claims raised by petitioner in his amended petitions, this Court is confident that petitioner has not been "significantly prejudiced by the delayed focus on the limitation issue" and that the interests of justice would be better served" by dismissing the petition as time barred. *Id.*

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010).  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner claims that any delay should be excused because he was proceeding *pro se* on his first two motions for relief from judgment and he was ignorant of the law.  An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  Nor does ignorance of the law justify equitable tolling. *See Allen v. Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004).

Petitioner claims that he was lead to believe by the trial judge following the denial of his first motion for relief from judgment that he could not file a post-conviction motion while his appeal on the attorney fee issue was pending in the Michigan Supreme Court.  Petitioner would not be entitled to equitable tolling on this basis because he re-filed his motion for relief from judgment while his motion for reconsideration was pending before the Michigan Supreme Court on his appeal on the attorney fee issue.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002). The Court will therefore summarily dismiss the original and amended habeas petitions.

18

Petitioner's motion for immediate consideration is moot in light of this Court's adjudication of his habeas petition. *See Juenemann v. Jones,* No. 03-75057; 2005 WL 2347105, * 3 (E.D. Mich. September 23, 2005).

In light of the fact that petitioner has failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 Fed. Appx. 620, 621-22 (6th Cir. 2003). The Court denies petitioner's motion for bond.

## IV. Conclusion

The Court summarily denies the original and amended habeas petitions as barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court also denies petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.  The Court denies petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d at 753.  The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the original and amended petitions for a writ of habeas corpus are **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motion for release on bail [Dkt. #42] is DENIED and the motion for immediate consideration [Dkt. # 43] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 27, 2014


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager