**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES QUATRINE, Jr.,

      Petitioner,                    Civil No. 2:10-CV-11603
                                        HONORABLE DENISE PAGE HOOD
v.                                    UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR**
**RECONSIDERATION AND TO ALTER OR TO AMEND JUDGMENT**

On February 27, 2014, the Court summarily denied the petition for writ of

habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254, on

the ground that the original and amended habeas petitions were barred by the

statute of limitations contained within 28 U.S.C. § 2244(d)(1).  The Court also

denied petitioner a certificate of appealability and leave to appeal *in forma*

*pauperis. See Quatrine v. Berghuis,* No. 2014 WL 793626 (E.D. Mich.

February 27, 2014).

On March 17, 2014, petitioner filed a notice of appeal with the United

States Court of Appeals for the Sixth Circuit. [Dkt. # 47].  Petitioner has also filed

a motion for reconsideration and a motion to alter or to amend judgment.  For the

reasons that follow, the motions are DENIED.

This Court lacks jurisdiction to consider petitioner's motions for

1

reconsideration and to alter or to amend judgment because petitioner has filed a notice of appeal in this case.  A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).  Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's case. *Workman,* 958 F. 2d at 167-68; *See also Raum v. Norwood,* 93 Fed. Appx. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Moreover, even if this Court had jurisdiction over petitioner's motions for reconsideration and to alter or to amend judgment, it would still deny the motions. A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by

2

reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner is merely attempting to re-hash arguments that he previously raised in his original and amended habeas applications and in his various replies to the state's answers. The Court will therefore deny petitioner's motion for reconsideration, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily denied petitioner's habeas application and denied him a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 Fed. Appx. 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motions to be debatable. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

3

## ORDER

Based upon the foregoing, IT IS ORDERED that the motions for

reconsideration and to alter or amend judgment [Dkt. ## 49 and 50] are **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is

**DENIED**.

s/ Denise Page Hood
**HON. DENISE PAGE HOOD**
**Dated: April 29, 2014**          UNITED STATES DISTRICT JUDGE

4