UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, Jr.,

    Petitioner,         Civil No. 2:10-CV-11603
                             HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE MOTION TO DISQUALIFY THE JUDGE [Dkt. # 58] AND THE MOTION FOR RELIEF FROM JUDGMENT [Dkt # 59] PENDING THE SUPREME COURT'S DECISION WHETHER TO GRANT A WRIT OF CERTIORARI TO PETITIONER**

On February 27, 2014, the Court summarily denied the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254, on the ground that the original and amended habeas petitions were barred by the statute of limitations contained within 28 U.S.C. § 2244(d)(1). *See Quatrine v. Berghuis,* No. 2014 WL 793626 (E.D. Mich. Feb. 27, 2014).

The United States Court of Appeals for the Sixth Circuit affirmed the dismissal of the petition for writ of habeas corpus. *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878 (6th Cir. Apr. 12, 2016).

1

On October 21, 2016, petitioner filed a petition for writ of certiorari, which remains pending before the United States Supreme Court. See United States Supreme Court Docket # 16-6723.

Petitioner has now filed a Rule 60(b) motion for relief from judgment, claiming that both this Court and the Sixth Circuit erred in dismissing his habeas petition as time-barred, in light of the Sixth Circuit's recent decision in another habeas case. Petitioner has also asked this Court to disqualify itself from hearing the case, claiming judicial bias on the part of the Court.

A federal court has the discretion to hold a case in abeyance pending the Supreme Court's disposition of a petition for writ of certiorari in that case. *See e.g. Florida v, Powell*, 556 U.S. 1162 (2004); *Lorenzo-Echevarria v. Jenifer*, 86 F. App'x 932, 933 (6th Cir. 2004).

The Court will hold the motion for relief from judgment and the related motion to disqualify in abeyance pending a decision by the Supreme Court whether to grant or deny petitioner a writ of certiorari. It would be a potential waste of judicial resources for this Court to adjudicate the Rule 60(b) motion and petitioner's related motion to disqualify, in the event that the Supreme Court were to grant certiorari to petitioner. In the event that

certiorari is denied, respondent will not be prejudiced by a delay in the adjudication of the motions.

IT IS HEREBY ORDERED that the motion for relief from judgment [Dkt. # 59] and the related motion to disqualify judge [Dkt. # 58] are held in abeyance pending a decision by the Supreme Court on petitioner's request for a writ of certiorari. Should the Supreme Court deny petitioner a writ of certiorari, petitioner has thirty days from the date of the Supreme Court's decision to ask this Court to adjudicate his motions.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: December 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2016, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist