UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, Jr.,

    Petitioner,        Civil No. 2:10-CV-11603
                                HONORABLE DENISE PAGE HOOD
v.                          CHIEF UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**<u>OPINION AND ORDER GRANTING THE MOTION TO LIFT THE ABEYANCE ON PETITIONER'S PENDING MOTIONS [Dkt. # 64], DENYING THE MOTION TO DISQUALIFY THE JUDGE [Dkt. # 58] AND THE MOTION FOR RELIEF FROM JUDGMENT [Dkt # 59], AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

This Court summarily denied the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, on the ground that the original and amended habeas petitions were barred by the statute of limitations contained within 28 U.S.C. § 2244(d)(1). *See Quatrine v. Berghuis,* No. 2014 WL 793626 (E.D. Mich. Feb. 27, 2014).

The United States Court of Appeals for the Sixth Circuit affirmed the dismissal of the petition for writ of habeas corpus. *Quatrine v. Berghuis*, No. 14-1323, 2016 WL 1457878 (6th Cir. Apr. 12, 2016).

1

On October 21, 2016, petitioner filed a petition for writ of certiorari. While this petition was pending, petitioner filed a Rule 60(b) motion and a motion to disqualify this Court from hearing the case. This Court held the motions in abeyance pending a decision from the See United States Supreme Court. On January 9, 2017, the Supreme Court denied petitioner a writ of certiorari. *Quatrine v. Berghuis*, No. 16-6723, 2017 WL 69504 (U.S. Jan. 9, 2017).

Petitioner has now filed a motion to lift the stay and to adjudicate his pending motions. The Court GRANTS the motion to lift the stay and abeyance. The Court DENIES the motion to disqualify and the Rule 60(b) motion.

Petitioner filed a motion to disqualify this Court itself from hearing the case, claiming judicial bias on the part of the Court.

28 U.S.C. § 455 (a) provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." Under 28 U.S.C. § 455(a), a judge must recuse himself or herself "'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599

(6th Cir.1990)(quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.1990)).  The Supreme Court has held that under § 455(a), opinions formed by judges on the basis of facts introduced or events occurring "in the course of current proceedings, or of prior proceedings, do not constitute bias or partiality" unless they display "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  To state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997).  Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *See Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).  A habeas petitioner's "unsupported accusations"and "unfounded surmise" of bias on the part of a federal judge presiding over his or her habeas petition are insufficient to establish grounds for disqualification of that judge from presiding over the case. *See Bates v. Grant,* 98 F. App'x. 11, 15 (1st Cir. 2004).

The only evidence petitioner offers of judicial bias is that this Court found petitioner's habeas application to be time-barred and dismissed his

case on that basis.  Adverse rulings by a judge do not establish judicial bias that would support judicial disqualification.  Petitioner's motion to disqualify is DENIED.

Petitioner has filed a Rule 60(b) motion for relief from judgment, claiming that both this Court and the Sixth Circuit erred in dismissing his habeas petition as time-barred, in light of the Sixth Circuit's subsequent decision in another habeas case.  Petitioner points to the recent case of *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016), in which the Sixth Circuit held that a habeas petitioner is entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the time that he or she could have appealed the denial of a state post-conviction motion, even if the petitioner never filed an appeal.  This Court and the Sixth Circuit, in reliance on the U.S. Supreme Court case of *Evans v. Chavis*, 546 U.S. 189, 191 (2006), ruled that the tolling of the limitations period ended when the state trial court denied petitioner's two post-conviction motions because petitioner never filed any appeal from the denial of these motions.  Petitioner seeks relief from judgment based on the Sixth Circuit's decision in *Holbrook,* arguing that his petition is timely if this Court or the Sixth Circuit were to toll the limitations period for the time period that petitioner could have

4

appealed the denial of his post-conviction motions, even though he did not do so.

A motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

In the present case, petitioner contends that a change in law by the Sixth Circuit supports his motion for relief from judgment. In reviewing petitioner's arguments, it is obvious that subsections (2), (3), (4), and (5) of Rule 60(b) do not apply to his case.

The Court also notes that a change in law does not render a decision based on prior law a 'mistake' subject to postjudgment reversal under 60(b)(1). *See Allstate Insurance Company v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 668 (W.D. Mich. 1991). In any

event, a motion for relief from judgment filed pursuant to Rule 60(b)(1) must be made "not more than one year after the judgment, order or proceeding was entered or taken." *Mitchell v. Rees*, 261 F. App'x. 825, 830 (6th Cir. 2008)(quoting Fed.R.Civ.P. 60(b)). This time limit is jurisdictional and a district court does not have the power to extend the period of limitation for filing such a motion. *Id.* (Internal citations omitted). Any motion for relief from judgment brought pursuant to 60(b)(1) is untimely, because petitioner's Rule 60(b) motion was filed more than one year after this Court dismissed his habeas petition.

Petitioner could attempt to avail himself of the catch-all provision of Rule 60(b)(6). However, a change in decisional law is usually not, in and of itself, an "extraordinary circumstance" that would merit Rule 60(b)(6) relief. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001); *See also Agostini v. Felton,* 521 U.S. 203, 239 (1997)("intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"). Instead, courts have required an applicable change in law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief. *Blue Diamond Coal Co.,* 249 F.3d at 524. A change in the

6

law which renders a previously dismissed habeas petition timely is not a sufficient extraordinary circumstance under Rule 60(b)(6) to grant relief from judgment. *See Wogoman v. Abramajtys*, 243 F. App'x. 885, 890 (6th Cir. 2007). Accordingly, petitioner is not entitled to relief from judgment in his case. The Rule 60(b) motion is denied.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or

law which renders a previously dismissed habeas petition timely is not a sufficient extraordinary circumstance under Rule 60(b)(6) to grant relief from judgment. *See Wogoman v. Abramajtys*, 243 F. App'x. 885, 890 (6th Cir. 2007). Accordingly, petitioner is not entitled to relief from judgment in his case. The Rule 60(b) motion is denied.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she makes both a substantial showing that he or

she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See United States v. Hardin,* 481 F.3d 924, 926, n. 1 (6th Cir. 2007).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

This Court will also deny petitioner a certificate of appealability on his motion to disqualify, because no reasonable jurist could debate whether this Court abused its discretion in denying the motion to disqualify. *See Kostich v. McCollum*, 647 F. App'x. 887, 890 (10th Cir. 2016).

The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## ORDER

IT IS HEREBY ORDERED that:

(1) The motion to lift abeyance [Dkt. # 64] is GRANTED.

(2) The motion to disqualify judge [Dkt. # 58] and the motion for relief from judgment [Dkt. # 59] and are DENIED.

(3) Petitioner is DENIED a Certificate of Appealability or Leave to Appeal *In Forma Pauperis*.

(4) The motion for immediate consideration for release on bail [Dkt. #66] is DENIED as MOOT in light of the Court's ruling.

        s/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2017, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager