UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, Jr.,

    Petitioner,         Civil No. 2:10-CV-11603
                                HONORABLE DENISE PAGE HOOD
v.                              CHIEF UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RELEASE ON BAIL (Dkt. # 66), DENYING THE MOTION TO ALTER OR AMEND JUDGMENT (Dkt. # 68), AND GRANTING IN PART THE MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL [Dkt. # 70).**

This Court summarily denied the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, on the ground that the original and amended habeas petitions were barred by the statute of limitations contained within 28 U.S.C. § 2244(d)(1). *See Quatrine v. Berghuis,* No. 2014 WL 793626 (E.D. Mich. Feb. 27, 2014); *a'ffd.* No. 14-1323, 2016 WL 1457878 (6th Cir. Apr. 12, 2016); *cert. den.* 137 S.Ct. 664 (2017).

Petitioner filed a Rule 60(b) motion for relief from judgment and a motion to disqualify this Court, which were denied. *Quatrine v. Berghuis*, No. 2:10-CV-11603, 2017 WL 2350060 (E.D. Mich. May 31, 2017).

1

Before the Court are petitioner's motion for release on bail, the motion to alter or to amend judgment, and a motion to extend time to file a Notice of Appeal.

**1. The motion for bail is denied as moot.**

Petitioner filed a motion for release on bail.

Petitioner has now been released on parole and is residing in Benton Harbor, Michigan. [1]

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. *See Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986). Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal

---

[1] See Letter to this Court from petitioner (Dkt. # 69), See also the Offender Tracking Information System (OTIS), which indicates that petitioner was paroled on June 14, 2017.

court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice,* 256 F. App'x 748, 750 (6th Cir. 2007).

Petitioner's release on parole moots his request to be released on bond. *See Morse v. Trippett,* 102 F. Supp. 2d 392, 413 (E.D. Mich. 2000), *vacated on other grds,* 37 F. App'x 96 (6th Cir. 2002); *See also Morton v. Zych*, No. CIV.A. 09-12855, 2010 WL 743042, at *2 (E.D. Mich. Feb. 26, 2010); *Puertas v. Overton*, No. CIV.A. 03-40157, 2008 WL 4239032, at * 2, n. 2 (E.D. Mich. Sept. 11, 2008). Petitioner, however, may renew his motion for bond should his parole be revoked. *Morse v. Trippett*, 102 F. Supp. 2d at 413.

**2. The Motion to Alter or to Amend Judgment is DENIED.**

Petitioner filed a motion to alter or amend judgment, asking this Court to reconsider its May 31, 2017 order denying his motion for relief from judgment and his motion to disqualify this Court.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) should be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.

However, a motion for reconsideration that raises the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.;See also Michigan Dept. Of Treasury v. Michalec,* 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). The movant not only must show a palpable defect by which the court and the parties were misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion to alter or amend judgment, petitioner offers the same arguments that he made in his earlier motion for relief from judgment and his motion to disqualify. The Court will deny petitioner's motion to alter or amend judgment, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's earlier motions. *Hence v. Smith,* 49 F. Supp. 2d at 553.

**3. The motion to extend time to appeal is GRANTED IN PART.**

Petitioner filed a motion for an extension of time to file an appeal the Court's decision to deny his motion to alter or amend judgment and his

4

motion to disqualify. Petitioner indicates that although on parole, he was at the time of his motion housed at the Kalamazoo Probation Enhancement Program, which offered no law library or access to legal materials. Petitioner asks for an extension of time until January 18, 2018 to file a notice of appeal.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Because more than thirty days have elapsed from when this Court denied petitioner's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless petitioner was granted an extension of time.

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its opinion denying petitioner's motions on May 31, 2017. Petitioner had until June 30, 2017 to file a notice of appeal. Petitioner therefore had until July 30, 2017 to file for an extension of time to file an appeal pursuant to Rule 4(a)(5). Petitioner's motion for this Court to extend time to file a notice of appeal is timely because it was filed on July 13, 2017.

The Court finds that petitioner has established good cause or excusable neglect for failing to file his notice of appeal within thirty days of the Court's order. Petitioner was placed on parole during the thirty day period for filing an appeal and moved from prison to this probation facility. The Court believes an extension of time is warranted. The Court, however, does not believe petitioner needs until January of 2018 to file a simple notice of appeal. Accordingly, the Court will grant petitioner a thirty (30) day extension of time from the date of this order to file a Notice of Appeal from this Court's order of May 31, 2017.

**ORDER**

IT IS HEREBY ORDERED that:

(1) The motion for release on bail (Dkt. # 66) is DENIED AS MOOT.

(2) The motion to alter or amend judgment (Dkt. # 68) is DENIED.

(3). The motion for an extension of time to file a notice of appeal (Dkt. # 70) is GRANTED IN PART. Petitioner has thirty (30) days from the date of this order to file his Notice of Appeal.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: August 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager