UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES QUATRINE, Jr.,

    Petitioner,        Civil No. 2:10-CV-11603
                                HONORABLE DENISE PAGE HOOD
v.                               CHIEF UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A COPY OF THE ENTIRE COURT FILE FREE OF COST [Dkt. # 72).

This Court summarily denied the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, on the ground that it was barred by the statute of limitations contained within 28 U.S.C. § 2244(d)(1). *See Quatrine v. Berghuis,* No. 2014 WL 793626 (E.D. Mich. Feb. 27, 2014); *a'ffd.* No. 14-1323, 2016 WL 1457878 (6th Cir. Apr. 12, 2016); *cert. den.* 137 S.Ct. 664 (2017).

Petitioner filed a Rule 60(b) motion for relief from judgment and a motion to disqualify this Court, which were denied. *Quatrine v. Berghuis*, No. 2:10-CV-11603, 2017 WL 2350060 (E.D. Mich. May 31, 2017).

1

On August 30, 2017, this Court denied petitioner's motion for release on bail, the motion to alter or to amend judgment, and a motion to extend time to file a notice of appeal. [Dkt. # 71].

On September 27, 2017, petitioner, through retained counsel, Gary D. Straus, filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [Dkt. # 74].

Petitioner has filed a motion for a copy of the entire court file, which is DENIED.

Petitioner requests a copy of the entire court file free of cost, because he claims that the Michigan Department of Corrections lost his entire pleadings and legal documents when he was released on parole to a halfway house. Petitioner further argues that he is unable to view these documents online because he is not permitted Internet access at the halfway house. Petitioner claims he needs his various pleadings in order to perfect his appeal from this Court's denial of his motion on August 30, 2017.

The Court denies the motion for a free copy of the court file because petitioner is not an indigent in that he obviously has sufficient funds to retain counsel. *See e.g. United States v. Holiday*, 436 F.2d 1079, 1079 (3d

Cir. 1971)(District court did not abuse its discretion in denying application to file petitions of habeas corpus *in forma pauperis* where it appeared that petitioners had access to sufficient funds to retain attorneys).

Moreover, a request that by an indigent habeas petitioner that he or she be furnished a free copy of a transcript of a habeas corpus proceeding in federal court should be granted only when a need for the transcript has been demonstrated. *See U. S. ex rel. McCode v. Myers*, 241 F. Supp. 85, 86 (E.D. Pa. 1965). Petitioner failed to show that it was necessary for him to have the entire court file furnished to him at government expense. Petitioner's lawyer has access to the Court's file and will be able to review any documents that he feels should be reviewed in perfecting petitioner's appeal. Because Petitioner's counsel would have access to the entire court record, petitioner is not entitled to the production of the trial transcripts to assist him with his appeal. *See e.g. Smith v. United States,* 421 F.2d 1300, 1301 (6th Cir. 1970).

Based on the foregoing, the "Motion for a Copy of Entire Court File Free of Cost" [Dkt. # 72] is DENIED.

S/Denise Page Hood  
Chief Judge, United States District Court

Dated: November 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 7, 2017, by electronic and/or ordinary mail.

      S/LaShawn R. Saulsberry
      Case Manager